UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TOMIKA D. SHAW,

      Petitioner,

v.                                                                                              Case No. 1:02-CV-830

KURT JONES,                                                                       HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to the Report and Recommendation dated October 28, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised eleven issues in his habeas petition, some of which presented multiple sub-issues. The magistrate judge concluded that sub-issues (1) and (3) of issue I and issues III, IV, V, VI, VII, VIII, IX, X, and XI were procedurally defaulted and, therefore, not subject to federal habeas review. The magistrate judge also considered Petitioner's claim of ineffective assistance of appellate counsel (issue XI) as both an independent claim and as cause for the procedural default in failing to raise issues IX and X on appeal. The magistrate judge concluded that: (1) with regard to issue IX, appellate counsel was not ineffective because Petitioner was not prejudiced by the prosecution's elicitation of testimony from Tanya Salas and Petitioner failed to establish any basis for a *Brady* violation regarding telephone records; and (2) with regard to issue X (concerning ineffective assistance of trial counsel), Petitioner failed to show that trial counsel was ineffective by failing to call three witnesses; by failing to impeach Tobias Allen and Tanya Salas on

various points; by failing to obtain exculpatory evidence in the form of certain telephone records and failing to recall a witness, Amanda Rathsack; and by failing to object to Tanya Salas' testimony regarding the victim's lifestyle and threats the victim made to turn Petitioner into the police for selling drugs. Thus, the magistrate judge found that issues IX and X are not subject to federal habeas review and that issue XI is without merit. Finally, the magistrate judge concluded that sub-issue (2) of issue I and issue II, which the Michigan Court of Appeals addressed on the merits, do not merit federal habeas relief. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In his Objection, Petitioner contends that the magistrate judge erred in concluding that Petitioner's trial counsel and appellate counsel were not ineffective, but Petitioner fails to explain the basis for this argument. Petitioner suggests that his trial counsel failed to present witnesses to rebut the prosecution's theory of the case, but he does not identify the witnesses his counsel failed to call, what their testimony would have been, and how their testimony would have supported his defense.

Petitioner also asserts that his appellate counsel was ineffective for raising on appeal seven arguments that had no merit because the issues were not preserved in the trial court. Petitioner's theory seems to be that by raising a number of non-meritorious arguments, his appellate counsel diluted the effectiveness of his stronger arguments. Petitioner does not explain what those stronger arguments were or how adding weaker claims to the appeal detracted from the stronger issues.

Finally, Petitioner contends that the Court should review his alternative theory of a Fourth Amendment violation, but he does not describe the alleged violation. This argument appears to relate to his ineffective assistance of counsel claim. In any event, the Court may not consider

Petitioner's Fourth Amendment claim because he has not shown that he exhausted it by presenting it to all available state courts.  See Picard v. Connor, 404 U.S. 270, 277-78, 92 S. Ct. 509, 513 (1971); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994).  Because Petitioner has not demonstrated that he exhausted his Fourth Amendment claim, the Court may not consider it for purposes of federal habeas relief.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 28, 2005 (docket no. 57) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

This case is **concluded**.


Dated: January 27, 2006              /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE